UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  Case No. 07-46978-WSD
 Chapter 13
ANTHONY CECIL, and  Honorable Walter Shapero
CAROL A. HARDY,

      Debtors.
_____/

## OPINION DENYING DEBTOR'S MOTION FOR ORDER TO SHOW JUST CAUSE

### I. Introduction

Before the Court is the Debtor's June 1, 2007, "Motion For an Order to Show Cause," why Fairway Engine Exchange, Inc. ("Creditor"), should not be held in contempt by reason of its continued possession of Anthony Cecil's ("Debtor") vehicle. At issue is whether continued possession of the vehicle by the Creditor violates the automatic stay of 11 U.S.C. § 362(a), or if such possession falls within the safe harbor provision of § 362(b). Under § 362(b)(3), if the possession of the automobile constitutes an "act to perfect, or to maintain or continue perfection, of an interest in property" the stay is not violated. Particularly relevant is whether the Creditor's possession was lawful under either a statutory or common law lien aside from M.C.L. § 570.301 et. seq., also known as the Garage Keeper's Lien Act.

### II. Facts

In October 2006, the Debtor brought his vehicle to the Creditor for repair, and was issued an invoice with an estimated cost of $3,487.00. The Debtor made partial payments of $200.00, $600.00, and $700.00 in the subsequent weeks. During this time, additional parts and labor amounting to $770.55 were required. The Creditor continued to repair the vehicle until November 10, 2006, when the remaining balance of $2,757.55 was due. However, the Debtor was unable to fully pay for the

repairs, and accordingly the Creditor indicated that it would keep possession of the vehicle and allow partial payments to be made. On December 27, 2006, a letter was sent to the Debtor stating that "if some arrangements are not made by 1-5-07 pertaining to the 2001 Expedition we will have to apply for title under the 'Garage Keepers lein' (sic)." Subsequently the Debtor made his last payment in the amount of $1,000.00 on January 23, 2007, leaving a remaining balance of $1,757.55. The Debtor filed for chapter 13 protection on April 10, 2007. The vehicle at issue remains in the possession of the Creditor despite demands for its return made by the Debtor.

In order to avoid a violation of the automatic stay provided by 11 U.S.C. § 362 (a), a creditor in possession of a debtor's property must be possessing such property in an effort to perfect, maintain or continue perfection of an interest in property. 11 U.S.C. § 362(b)(3). However, if such protection is wrongful a creditor is not protected by the safe harbor provision and is instead in violation of the automatic stay. Generally speaking in Michigan where someone like the Creditor performs work on tangible personalty and retains possession thereof and is unpaid, there exists the possibility of the assertion of a common law artisan's lien, a statutory artisan's lien, and a statutory Garage Keeper's lien.

### III. Common Law Artisan's Lien

The Debtor alleges that since the Creditor has not complied with the Garage Keeper's Lien Act, which it has not, it may not claim a lien under common law or a statutory artisan's lien. The argument continues that since the Michigan State Legislature has enacted and amended the Garage Keeper's Statute with increased specificity, the act takes precedence over any common law or other statutory liens as applied to garage keepers. This proposition as between a common law lien and that under the Garage Keeper's Statute was addressed by the Michigan Court of Appeals in *Nickell v.*

*Lambrecht*, 185 N.W.2d 155, 158 (Mich. App. 1970). The *Nickell* court granted a repairman a common law artisan's lien over a highway tractor in order to recover for repairs made to the vehicle. *Id*. at 197, 198, 201. There, the court explicitly stated that the common law artisan's lien survived the enactment of the Garage Keeper's Lien Act, and that "a repairman may rely on the common-law lien even though he has not complied with the statutory requirements and formalities." *Id*. Lastly, the court noted that the coexistence of the common law artisan's lien and the Garage Keeper's Lien Act was in conformity with the majority of other jurisdictions. *Id*. at 197. Although upholding the availability of the common law counterpart, the *Nickell* court refrained from addressing whether the statutory artisan's lien was supplanted by the Garage Keeper's Lien Act as to these garage keepers. *Nickell*, 185 N.W.2d at 198 n. 8.

This position is further supported by more recent precedent. *In Re Lott,* 196 B.R. 768 (Bankr.W.D. Mich. 1996). In deciding whether the common law artisan's lien was abrogated by the enactment of the statutory artisan's lien, the court stated that "these two lien creation provisions are coterminous - it does not matter whether the lien claimant's theory is under common law or pursuant to statute." *Id*. at 775. Although not specifically addressing the Garage Keeper's Lien Act, the decision of the court demonstrates the continued viability of the common law artisan's lien despite the enactment of similar statutory schemes.

The Debtor attempts to distinguish such precedent by asserting that because of the specificity of the Garage Keeper's Lien Act, notably the modifications contained in the 1998 and 2002 amendments subsequent to the *Nickell* case, the Michigan Legislature sought to abrogate all common law liens as applied to vehicle repair. The three principle amendments of the act the Debtor points to are those pertaining to: the time limit for which a garage keeper may possess a vehicle, the

penalties for noncompliance with the act, and a provision stating, "[a] garage keeper who successfully collects under the act shall not bring an action for or attempt to assert any other statutory or common law lien on that vehicle." M.C.L. § 570.309(3).

With regard to this first amendment, the time limit which a repairman may hold a car seems to fall under the "statutory requirements and formalities" addressed by *Nickell*. It can hardly be said that by adding a time limit on garages seeking to impose a lien under the act, the Michigan Legislature intended to abrogate all common law liens available to these individuals. The Debtor also points to the above quoted M.C.L. § 570.309(3) in an attempt to demonstrate this legislative intent. *Id*. Instead of indicating an intent by the legislature to abrogate common law liens as applied to garages, this 2002 amendment demonstrates quite the opposite. First, the language itself only limits the use of liens other than the Garage Keeper's Lien Act if the repairman is successful under the act. It places no limits on the creditor who has not successfully recovered under the act. Second, the inclusion of this provision undermines the Debtor's argument that the legislature intended to abrogate common law liens with the act. In adding specificity to the act through these amendments, it is apparent through M.C.L. § 570.309(3) that the legislature had the use of common law and statutory liens in mind when it promulgated the amendment by its reference to "any other statutory or common law lien." However, it only chose to limit the use of these other liens to instances where garages had been previously successful under the act. As the court in the *In Re Lott* case noted, it takes a lot more than what is evident here to conclude that the legislature intended to preempt the field.

### IV. Statutory Artisan's Lien

07-46978-wsd    Doc 65    Filed 09/26/07    Entered 09/26/07 16:30:42    Page 4 of 6

Unlike the common law artisan's lien, it is less clear whether the statutory artisan's lien continues to exist as applied to motor vehicles. Although, the statute itself is still in force, it is not apparent to whom the act will be extended. *In re Lott*, at 775. The Michigan artisan's lien statute names mechanics as one of the groups which may utilize the act, but it is still unclear what effect the Garage Keeper's Lien Act may have on this statute. M.C.L. § 570.185. The Court, however, need not authoritatively decide the issue as it has concluded that the Creditor may rely on a lien based on the common law.

The burden of establishing a valid lien against the Debtor's automobile rests upon the Creditor. *Joy Oil Co. v. Fruehauf Trailer Co.*, 29 N.W.2d 691, 693 (Mich. 1947). In general, a creditor has a right to claim such a lien due to the labor or services performed on the article in question, *Marshall v. Wabash Ry. Co., et. al.,* 167 N.W. 19, 21 (Mich. 1918), providing it retains possession of the property subject to the lien. *Joy Oil Co.*, at 693. Here, the parties do not dispute that Fairway Engine Exchange, Inc. repaired the Debtor's automobile and Debtor failed to fully pay for such. The Creditor has maintained possession of the automobile since it was brought to it for repair. As the Debtor has not raised any further challenges to the Creditor's common law artisan's lien, other than its nonexistence, the Creditor's common law artisan's lien is a valid right against the Debtor's property perfectable by possession of the property.

### VI. Conclusion

Debtor's Motion is denied as the Creditor has not violated the automatic stay imposed through § 362. An order is being contemporaneously entered.

**Signed on September 26, 2007**

                                                    **/s/ Walter Shapero**
                                            **Walter Shapero**
                                            **United States Bankruptcy Judge**